Peahson J.
 

 The bill seeks to enforce payment of a note, under seal, for $300, which the plaintiff alleges was executed by the defendants to him; and which, he further alleges, was, by accident, lost out of his possession. The plaintiff annexes to the bill his affidavit of the truth of the matters therein set forth.
 

 The plea alleges, that there has been a conviction and judgment against the plaintiff for mismarking a hog. Two-questions are presented. Does the conviction and judgment make the plaintiff infamous ? If so, is he incompetent to make the affidavit?
 

 Without deciding the first question, and assuming that the offence of mismarking, created by the statute, is infamous, we are of opinion that the plea was properly overruled, on the ground that the plaintiff was not incompetent to make the affidavit.
 

 
 *241
 
 If, in the institution of a suit, or in its progress, the course of the Court requires a party to make an affidavit, ■the fact of his being infamous does not make him incompe-tent to do so: for, if an affidavit be
 
 required,
 
 and, at the same time, the party is held to be incompetent to make it, he cannot pursue his right, and there will, in effect, be a denial of justice. This principle is settled, as well upon the reason of the thing, as by authority. For instance, a party infamous for crime, or a free negro in a suit against a white man, is competent to make an affidavit to sue-, or to continue the case, or to remove the case, &c.
 
 Davis
 
 vs.
 
 Carter,
 
 2 Salkeld,
 
 461
 
 —Hall vs.
 
 Cox,
 
 Martin, 24. - vs.
 
 Kimbrough,
 
 id. 25.
 

 On the other hand, if, under some of the exceptions to the general rule, a party offers himself as a witness in his own case, the fact of his being infamous will make him incompetent : for, if he is not a competent witness between third parties, of course he cannot be competent to give evidence in his own favor. This principle is also well settled upon the reason of the thing and upon authority. For instance, a party, who is infamous, cannot prove his debt under the book debt act.
 
 Walker
 
 v.
 
 Carney,
 
 2 Strange, 1148, 1 Greenleaf on Evid. sec. 374.
 

 The only question is, which of these two principles applies to the case now under consideration ? Evidently the first: for the affidavit of the plaintiff is required by the Court as a condition precedent to the jurisdiction of this Court, and a change of the forum.
 

 Per Curiam. This opinion will be certified.